1833.

VERMILLYA
*v.*
ODELL.

VERMILLYA and others *vs.* ODELL and others. (*a*)

---

One defendant cannot enter a rule to produce witnesses until the cause is in as forward a state as to the other defendants. If the complainant greatly delays urging on the other defendants, the one who stands ready to enter such rule may move to have the bill dismissed as to him for want of prosecution.

---

THE sworn bill in this cause was filed in the month of January one thousand eight hundred and thirty two. Minott Mitchell was a defendant; and he put in his answer in the month of February following. The other defendants had not answered. Cross motions were now made: the complainant sasking leave to amend; and the defendant Mitchell moving that the bill should be dismissed for want of prosecution. He had entered a rule for production of witnesses and afterwards filed an order closing the proofs, although the notice of the order he thus entered was faulty, in not being filled up as to date, solicitor or signature. The complainants in their application to amend had not brought themselves within the rules laid down in *Whitmarsh* v. *Campbell* and *Rogers* v. *Rogers*—as will be seen in the opinion of the court. The point of practice upon the application to dismiss the bill is the only one intended to be particularly noticed.

*April* 25. 1833.

*Practice.*
*Dismissing bill*
*for want of pro-*
*secution.*

Mr. *W. N. Dyckman, Jr.* for the complainants.

Mr. *W. Silliman,* for the defendant Mitchell.

---

(*a*) The decision in this case was affirmed by the Chancellor.

1833.

VERMILLYA
v.
ODELL.

THE VICE-CHANCELLOR. According to what is understood to be the practice, from a decision made by Chancellor Walworth some time ago, but not reported, one defendant cannot regularly enter a rule for the production of witnesses until the cause is in a state for the examination of witnesses as to the other defendants or it is rendered certain no examination can be necessary as to them by the bill being taken as confessed or its standing on answer without replication. The defendant Mitchell was, therefore, irregular in entering such an order. Besides the notice of the order for closing the proofs being without date or signature and not specifying in the body of it by whom or in whose behalf the order was obtained must be considered, as a nullity. It must be vacated. But, allowing this to be the case, there is enough here to warrant the defendant Mitchell's motion to dismiss the bill for want of prosecution. He could take no other course than the present, as the cause is not in readiness for proofs or hearing, by reason of the complainants delay in proceeding and not compelling answers from the other defendants or taking the bill as confessed against them.

Although this case is not embraced by the 66th rule of the court, nor expressly provided for by any other, yet, by analogy to the practice in the English court of chancery, such a motion appears to be proper. There, if a complainant after answer delays his proceedings the defendant may enter an order, of course, before replication for dismissal; and which can only be prevented by filing a replication, which is sufficient if done at any time during the same day, since the court will not inquire into the fraction of a day. But, after replication, the order for dismissal can only be obtained on motion founded on notice; and then, unless good cause is shown for the delay or the complainant can show that an amendment of his bill is necessary, the effect of the motion can only be prevented by the complainant's undertaking to speed the cause, which is similar to the stipulation to try in the courts of law upon a motion for judgment as in case of nonsuit. It is only in special cases, like those provided for by the 66th rule, that this practice is to be resorted to with us: because, defendants are generally at liberty to set the cause down for hearing as well as complainants,

But, where it cannot be done, I see no objection to the present course. Here, there has been great delay on the part of the complainant which is not accounted for or excused. The motion to dismiss his bill must, therefore, be granted: unless the court can accept his undertaking to speed the cause.

From the state of the complainant's bill, it is manifest such an undertaking will be useless. They seek by a motion to amend. It does not appear but that the facts now asked to be inserted were known to the complainants at the time they filed their bill, nor is any excuse rendered for the omission. They have not, consequently, brought themselves within the principles laid down in *Rogers* v. *Rogers*, 1 *Paige's C. R.* 424, and *Whitmarsh* v. *Campbell*, 2, *Ib.* 67. The utmost I can do is to reserve to the complainants the right to make the defendant Mitchell a party to a new bill for the same cause.

Order that the bill be dismissed as to the defendant Minott Mitchell, with costs: but without prejudice to a new bill.